UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:                              )      CHAPTER 13
                                    )
PETER KOURTIS, JR.                  )      CASE NO. 09-74538
                                    )
                                    )
            Debtor(s)               )

## NOTICE OF CURE OF ALL PRE-PETITION MORTGAGE OBLIGATION

TO:   US Bank National Association as          Heavner, Scott, Beyers & Mihlar
      (Creditor Name)                          (Creditor's Attorney Name)
       Trustee for CSFB                        PO Box 740
      (Creditor Address)                       (Creditor's Attorney Address)
      c/o JP MorganChase Bank                  Decatur, IL  62525-0740

      7255 Baymeadows Way, MS JAXB2007

      Jacksonville, FL  32256

      004 / 6 / [K] 9476 Mrtg Arrearage
      (Trustee Claim # / Court Claim # / Acct #)


      Peter Kourtis, Jr.                       Attorney Gilbert R. Dizon
      (Debtor's Name)                          (Debtor's Attorney Name)
      2627 Pond View Drive                     Law Office of James H. Moore
      (Debtor's Address)                       (Debtor's Attorney Address)
      Algonquin, IL  60102                     416 E. State Street

      09-74538                                 Rockford, IL  61104
      (Case Number)

      THIS NOTICE IS HEREBY GIVEN BY THE CHAPTER 13 TRUSTEE, LYDIA S. MEYER,
PURSUANT TO ¶ B(2)b OF THE PLAN FILED HEREIN ON 2/9/2010

      (1) That the cure amount has been paid, satisfying all pre-petition mortgage obligations of
the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current
unless the debtor has failed to make timely payments of post-petition obligations, (3) that if the
debtor has failed to make timely payments of any post-petition obligations, the holder is required

to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice, and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.  No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

/s/Lydia S. Meyer
LYDIA S. MEYER, Trustee

## CERTIFICATE OF MAILING

The undersigned certifies that a copy of the foregoing notice was mailed to the Debtor(s), Debtor(s) attorney of record, and creditor to addresses listed above in envelopes bearing first class postal indicia on the 23rd day of January, 2013.

/s/Cynthia K. Burnard

LYDIA S. MEYER, Trustee
308 W. State Street, Suite 212
P.O. Box 14127
Rockford, IL  61101-4127
Telephone:  815/968-5354
Fax:  815/968-5368